CARMEN MARÍA NEGRÓN PUMAREJO ET AL., demandantes y recurrentes, *v.* SECUNDINO CALDERÓN SÁNCHEZ ET AL., demandados y recurridos.

*Número:* R-64-18        *Resuelto:* 10 de marzo de 1967

*Rafael S. Fuentes Rivera* y *Alberto L. Márquez, Raúl Méndez Feliciano* y *José Pérez Rodríguez*, abogados de los recurrentes; *Martínez Muñoz, Agrait Oliveras & Otero*, abogados de los recurridos.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

PER CURIAM: El día 12 de diciembre de 1960, en la intersección de la Avenida Ashford y Calle Condado de Santurce, ocurrió una colisión entre el vehículo Dodge, licencia P-200-381, propiedad de y conducido por su dueño Fundador Bonet Ríos y una camioneta propiedad de Teodoro Pérez Meri, conducida por su empleado Secundino Calderón Sánchez.

El dueño del automóvil P-200-381 y los pasajeros que viajaban en dicho vehículo llamados Carmen María Negrón y Edwin Rivera González, demandaron en reclamación de daños y perjuicios, al dueño de la camioneta, a su conductor y a la compañía aseguradora Carolina Casualty Insurance Company y además a la Refrigeration Supply Company. En la demanda alegaron que el accidente ocurrió mientras el automóvil Dodge discurría por la Avenida Ashford en dirección hacia San Juan y la camioneta conducida por Secundino Calderón Sánchez salió repentinamente de la calle Condado tratando de cruzar la intersección.

Los demandados contestaron negando que el accidente ocurriera en la forma expuesta en la demanda y como defensa alegaron que el accidente se debió a la exclusiva negligencia de Fundador Bonet Ríos o éste contribuyó sustancialmente con su negligencia a la ocurrencia del mismo.

El conflicto entre la prueba de los demandantes y la de los demandados en cuanto a la forma como ocurrió el accidente es irreconciliable. La de los demandantes tendió a

demostrar que el automóvil Dodge discurría por la Avenida Ashford hacia San Juan, mientras que la prueba de los demandados tendió a establecer que el vehículo que discurría por la Avenida Ashford era la camioneta.

No hay duda de que el vehículo que entró por la Calle Condado a la intersección fue el causante del accidente. El conductor de dicho vehículo, bien lo fuera de la camioneta que tratara de entrar a la intersección de Norte a Sur por la calle Condado, según la versión de los demandantes, o el del Dodge que tratara de cruzarla de Sur a Norte, según los demandados, fue negligente al no detenerse antes de entrar a la intersección y su negligencia fue la causa única del accidente.

El Juez sentenciador resolvió el conflicto en la prueba concluyendo:

"El día en que ocurrieron los hechos, el demandante Fundador Bonet Ríos conducía su vehículo Dodge por la Calle Condado en dirección de Sur a Norte. Le acompañaban en el automóvil los demandantes Edwin Rivera González y Carmen María Negrón Pumarejo, quien según su testimonio se dirigía a la parte antigua de San Juan.

"En esos momentos, el demandado Secundino Calderón Sánchez conducía la camioneta ya descrita por la Avenida Ashford en dirección de Este a Oeste por el carril central de los tres que existen en la cuadra inmediatamente anterior a la intersección con la Calle Condado. Habiendo ya entrado en la intersección la camioneta conducida por Calderón Sánchez fue impactada por el costado izquierdo delantero por el vehículo Dodge conducido por Bonet Ríos, quien se dispuso a adentrarse a la arteria principal súbitamente sin tomar las precauciones exigidas demostrando con tal actuación una ignorancia absoluta de las condiciones y dirección del tránsito en ese sector." (T.A. págs. 19 a 20.)

A base de estas y otras conclusiones el tribunal de instancia dictó sentencia declarando sin lugar la demanda.

De un examen detenido de la transcripción de la evidencia y de las fotografías admitidas en evidencia, no surge base alguna para resolver que las conclusiones de hecho del tribunal sentenciador sean claramente erróneas o que estén en conflicto con el balance más racional justiciero y jurídico de la totalidad de la evidencia recibida, ya que cualquiera de las dos versiones del accidente es igualmente factible. En su consecuencia no debemos intervenir con la discreción del juzgador de los hechos al dirimir el conflicto de la prueba.

*Se dictará sentencia confirmando la que es ahora objeto de revisión.*